UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CHARLES RICE,                )
                             )
        Plaintiff,            )
                             )
v.                           )    Case No. CV413-079
                             )
MEGAN HEAP, *District Attorney*,  )
*et al.*,                     )
                             )
        Defendants.           )

## REPORT AND RECOMMENDATION

Inmate-plaintiff Charles V. Rice Chisholm brought this 42 U.S.C. § 1983 case against various government officials. Doc. 1.[1] He contends

---

[1] Since he has completed his IFP paperwork, docs. 9 & 14, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

that he is being held illegally due to various procedural wrongs committed during an ongoing state criminal prosecution. Doc. 1 at 1-10. He is suing under a laundry-list of statutes, including 42 U.S.C. § 1983 and the habeas and post-conviction remedies described at 28 U.S.C. §§ 2241 & 2254. *Id.* at 2. As relief, he asks "that this court stop this illegal prosecution for such other and further relief as justice may require." *Id.* at 10.

To the extent Rice's claim seeks to interrupt an ongoing state prosecution, the Court will abstain from considering it. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of

---

unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

2

the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Rice complains of a bad faith prosecution but has not offered any supporting facts. At worst he has alleged negligence by the defendants in their compliance with procedural matters. And merely opining that the prosecution is "illegal" fails to carry the day. Instead, Rice should pursue any oversights in state court, not here. In sum, he has not met any of the exceptions to *Younger* abstention.[2]

Additionally, plaintiff may not pursue the habeas remedy of release from confinement in a combined civil rights and habeas complaint. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also*

---

[2] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

*Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

And even were the Court to construe Rice's complaint as a habeas petition, it still fails because he has not alleged that he exhausted his state court remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has plaintiff substantially followed the Court's § 2254 form petition, as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If he wishes to proceed via habeas

corpus, he must submit a separate petition in compliance with the applicable rules.

Since the Court cannot grant the relief he requests, plaintiff's complaint should be **DISMISSED** without prejudice, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-427 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). For the same reasons, his motions for appointment of counsel (docs. 12 & 13) are **DENIED**. Furthermore, his motion for a hearing (docs. 15) is **DENIED**.

Meanwhile, Rice must pay his filing fee. His furnished account information shows that he has no funds in his prison account during the

past six months. Doc. 14. He therefore owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

past six months. Doc. 14. He therefore owes no partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this  17th  day of July, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA